IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA,  　　　　　　　　　　　　　　PLAINTIFF,

v.　　　　　　　　　　　　　　CIVIL ACTION NO. 2:20-cv- 204-KS-MTP

$6,214.00 UNITED STATES CURRENCY;
and $612.00 UNITED STATES CURRENCY,　　　　　DEFENDANT PROPERTY.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its United States Attorney and the undersigned Assistant U.S. Attorney for the Southern District of Mississippi, brings this Verified Complaint for Forfeiture *in rem,* in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Federal Rules of Civil Procedure, and alleges as follows:

### NATURE OF THE ACTION

1.　　　　This is an action by the United States seeking forfeiture of $6,214.00 United States Currency and $612.00 United States Currency seized from Mario Latreez Hooker (the "defendant property"). The defendant property is subject to forfeiture under 21 U.S.C. § 881, in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy).

### THE DEFENDANT *IN REM*

2.　　　　The defendant property consists of $6,214.00 United States Currency (20-DEA-663915) and $612.00 United States Currency (20-DEA-663918), which were seized by the U.S. Drug Enforcement Administration (DEA) on May 20, 2020, in Hattiesburg, Mississippi, within the Southern District of Mississippi, Eastern Division.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355.

4. Venue is proper in the Southern Division of the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), because the acts and/or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395(b), because the defendant property was found and seized in this District.

## BASIS FOR FORFEITURE

5. The defendant property is subject to forfeiture under 21 U.S.C. § 881, because the defendant property is involved in or constitutes the proceeds of drug trafficking, in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy).

6. The Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and 21 U.S.C. § 881 make subject to forfeiture to the United States any proceeds derived, and any facilitating property, from any knowing violation of 21 U.S.C. §§ 841(a)(1), 846, and 848, which is drug distribution, drug conspiracy, and continuing criminal enterprise.

7. Title 21 U.S.C. § 881(h) provides that all right, title, and interest in property described in 21 U.S.C. § 881(a) shall vest in the United States upon commission of the act giving rise to forfeiture under 21 U.S.C. § 881.

## FACTS AND CIRCUMSTANCES

8. On May 1, 2020, the DEA Hattiesburg Post of Duty received information that that a black male known as Mario "Rio" Hooker, who—at the time—resided at 1246 Beverly Hills Road, Hattiesburg, Mississippi, was distributing large amounts of marijuana from his residence.

The informant stated that Hooker drove a black Nissan Sentra and lived at the residence with his girlfriend, a nurse.

9. Task Force Officer Joseph Kennedy used the informant's statement to initiate surveillance on Hooker's residence. On May 11, 2020, TFO Kennedy observed a black Nissan Sentra, bearing Mississippi Tag LLB-4155, parked at Hooker's residence, and conducted a vehicle records check. The vehicle was registered to a Mario Hooker at 11 Bloomsbury Court, Hattiesburg, Mississippi.

10. On May 20, 2020, at approximately 3:00 p.m., TFO Kennedy was conducting surveillance in the area of 7th Street and Grace Christian Avenue in Hattiesburg, Mississippi, when he observed Hooker's Nissan parked at a residence located at 2206 West 7th Street, Hattiesburg, Mississippi. TFO Kennedy reported his observation to other surveilling officers.

11. At approximately 3:15 p.m., TFO Kennedy observed Hooker drive away from 2206 West 7th Street. Two officers with Hattiesburg Police Department, Sgt. Brian Gray and Officer Jacob Blank, observed the vehicle being drive by Hooker traveling westbound on West 7th Street, and discovered that Hooker did not have a valid driver's license. At approximately 3:25 p.m., as the vehicle approached 28th Avenue near 7th Street, Sgt. Gray activated his emergency blue lights and siren, in an attempt to conduct a traffic stop on the vehicle. Hooker continued at a slow pace, refusing to pull over, but eventually stopped at a driveway at 2819 Hillside Drive, Hattiesburg, Mississippi. TFO Kennedy and Hattiesburg Police Department Lt. James Clinton arrived on scene with Sgt. Gray.

12. Hooker stepped out of the Nissan and locked the vehicle's door. Hooker immediately irately asked why he was being stopped; Sgt. Gray informed Hooker that he stopped

him because Hooker did not possess a valid driver's license. Due to Hooker's irate behavior, officers placed Hooker in handcuffs for their safety.

13. Smelling the odor of marijuana coming from the Nissan, TFO Kennedy and Sgt. Gray asked Hooker if there was anything inside his vehicle. Hooker admitted that he had a small amount of marijuana in the vehicle. Upon opening the front driver's side door, TFO Kennedy observed a black backpack on the front passenger side floorboard. TFO Kennedy asked Hooker if the marijuana they smelled was in Hooker's backpack, and Hooker said "yes."

14. TFO Kennedy opened the backpack and seized what appeared to be marijuana contained in four clear sandwich bags (approximately 104 grams total), an undetermined amount of U.S. Currency, a box of sandwich bags, two digital scales, and numerous "Planet 13" marijuana receipts.

15. Sgt. Gray placed Hooker under arrest and read Hooker his Miranda Rights. TFO Kennedy asked Hooker how much currency Hooker had in his backpack and Hooker replied "$6,000." Officers issued Hooker a courtesy citation for driving his vehicle with no/expired driver's license. A friend of Hooker's who had arrived at the scene took custody of Hooker's vehicle per Hooker's request. TFO Kennedy then transferred the marijuana box of sandwich bags, digital scales, and marijuana receipts to Sgt. Gray, who transported the exhibits to the Hattiesburg Police Department for safekeeping.

16. Hooker told the officers that he could not "make any money because the street was dry." Hooker was asked about his place of employment, Hooker stated that he worked at Mar-Jac poultry in Hattiesburg, MS; however, TFO Kennedy contacted Mar-Jac's human resource officer, who stated that there was no employee by the name of Mario Hooker. Nor was any social security number associated with Mario Hooker, used by anyone employed at their facility.

4

17. After learning that Hooker was on probation for aggravated assault through the Mississippi Department of Corrections (MDOC), the officers contacted MDOC Agent Daniel Johnson, who agreed to conduct a home visit at Hooker's residence. Hooker was transported back to his residence located at 1246 Beverly Hills Road, Apartment 17, Hattiesburg, Mississippi. After arriving at the residence, Hooker stated that his girlfriend, "Roteisha," had the key to the apartment. Hooker stated that Roteisha works during the evening at a nursing home in Magee, Mississippi.

18. MDOC Officer Johnson began to question Hooker about living at the residence. Hooker explained that he lives at 1246 Beverly Hills Road, Apartment 17, with his girlfriend and has been for some time. Hooker also stated that the majority of his belongings were inside the residence. Hooker gave verbal consent to MDOC Agent Johnson for a search of the residence. Shortly after, management arrived on scene and provided a key to the residence. Hooker was then escorted into the residence.

19. TFO Kennedy then discovered and seized an unknown amount of U.S. Currency (later determined to be $612.00) in the only bedroom dresser drawer, along with four plastic bags containing suspected marijuana (approximately 36 grams). When Hooker was asked about the marijuana and currency found in the bedroom, Hooker stated that it was his and that the money was what he had left over from a visit to a strip club called "Diamond" in Jackson, Mississippi.

20. TFO Kennedy then asked Hooker if his girlfriend (Roteisha Hope) had any knowledge about his habits. Hooker stated that she (Roteisha Hope) "smoked too." The apartment was then secured, as witnessed by Hooker. Roteisha Hope never arrived at the apartment. Hooker was then transported to the Forrest County Jail in Hattiesburg, Mississippi, and charged with possession of marijuana with intent to distribute. Hooker is currently incarcerated in the Forrest County Jail.

21.     Forrest County Sheriff's Department K-9 Officer Nate Mosely was called to assist in the investigation. The seized U.S. Currency was placed into two new cardboard boxes at the Hattiesburg Post of Duty, which were then placed alongside four additional new empty cardboard boxes. Deputy Mosely then deployed his drug sniffing K-9 (Barry) around all of the boxes, as witnessed by TFO Kennedy and Sgt. Gray, and informed agents that K-9 Barry had indicated to the presence of narcotics coming from the two boxes containing the seized U.S. Currency. All the seized evidence, including the subject currency, were logged into the Hattiesburg Police Evidence Locker for safekeeping.

22.     On May 22, 2020, TFO Kennedy retrieved the subject currency from the Hattiesburg Police Department, and with Sgt. Gray, transported it to The First Bank, 1300 25th Avenue, Gulfport, MS for an official count of the seized U.S. Currency. The bank count totaled the amount of $6,214.00 U.S. Currency and $612.00 U.S. Currency; the bank issued a cashier's check made payable to the U.S. Marshals Service.

23.     On August 14, 2020, Hooker filed an administrative claim for the subject property, alleging that the subject currency was the proceeds of his business, "Lakeside Bullyz," breeding and selling English, French, and Bully bulldogs.

## CLAIM FOR RELIEF

23.     Plaintiff United States requests that the Clerk of Court for the U.S. District Court for the Southern District of Mississippi issue an Arrest Warrant *in rem* for the arrest of the defendant property under Supplemental Rule G(3)(b), which the United States will execute upon the defendant property located in the custody of the DEA under 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

24. Plaintiff United States prays that process issue to enforce the forfeiture of the defendant property and that all persons having an interest in the defendant property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant property to the United States for disposition according to law and that this Court grant the United States such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

November 12, 2020

Respectfully submitted,

UNITED STATES OF AMERICA

D. MICHAEL HURST, JR.
United States Attorney

By:   /s/ Clay B. Baldwin
CLAY B. BALDWIN (MSB 103478)
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4035
Email: clay.baldwin@usdoj.gov

## VERIFICATION

I, Joseph L. Kennedy, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration (DEA), that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture *in rem* are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a DEA Task Force Officer.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this the 12th day of November, 2020.

_____
JOSEPH L. KENNEDY
Task Force Officer
Drug Enforcement Administration

State of Mississippi
County of Forrest

Sworn to and subscribed before me, this day the 12th day of November, 2020.

_____
NOTARY PUBLIC

My commission expires:

8

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

Civil No.: 2:20-cv-204-KS-MTP

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$6,214.00; United States Currency; $612.00 U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Forrest County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Clay B. Baldwin U.S. Attorney's Office
501 East Court Street, Suite 4.430, Jackson, MS 39201  (601) 965-4480

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | **PERSONAL PROPERTY** | | | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 385 Property Damage Product Liability | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. 881
Brief description of cause:
Civil forfeiture of $6,214.00 and $612.00 U.S. Currency seized from Mario Hooker

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 11/12/2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ Clay B. Baldwin

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE  Starrett   MAG. JUDGE  Parker